# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2011

Lyle W. Cayce
Clerk

No. 10-40626
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS GARCIA-TOBON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-213-1

Before  WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Defendant-Appellant Jose Luis Garcia-Tobon pleaded guilty to illegal reentry following deportation, and the district court sentenced him to 46 months in prison and three years of supervised release.  For the first time on appeal, Garcia-Tobon asserts that his conviction and sentence should be reversed and his case remanded for a new trial because the district court did not inform him that he had a right to self-representation, to retain counsel, and to not proceed with his appointed counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40626

As Garcia-Tobon did not raise any objections to the rearraignment proceedings, our review is under the plain error standard. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Garcia-Tobon points to no authority from this circuit to support his assertion that Rule 11 of the Federal Rules of Criminal Procedure implicitly requires the district court to inform a defendant that he has a right to self-representation, to retain counsel, and to not continue with his appointed attorney. Although a defendant may have these rights, Garcia-Tobon has not cited any authority, and we are aware of none, standing for the proposition that the district court must inform a defendant of these rights before accepting his guilty plea. Thus, he has not shown any error, much less error that is clear or obvious, committed by the district court in not explaining these rights to him before accepting his guilty plea.

Moreover, Garcia-Tobon has not attempted to make any showing that his substantial rights were affected by any alleged error. He does not assert, and there is nothing in the record to indicate that there is a reasonable probability that, but for this alleged error, Garcia-Tobon, who had requested and was proceeding with court-appointed counsel, would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 80-83 (2004).

AFFIRMED.